[Cite as *State v. McKee*, 2018-Ohio-2385.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. John W. Wise, P.J. |
| Plaintiff - Appellee | : | Hon. William B. Hoffman, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | |
| LARRY L. MCKEE | : | Case No. CT2017-0043 |
| | : | |
| Defendant - Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:        Appeal from the Muskingum County
Court of Common Pleas, Case No.
CR2016-0307



JUDGMENT:        Affirmed



DATE OF JUDGMENT:        June 18, 2018



APPEARANCES:

For Plaintiff-Appellee        For Defendant-Appellant

D. MICHAEL HADDOX        ERIC J. ALLEN
Prosecuting Attorney        The Law Office of Eric J. Allen, Ltd.
        4605 Morse Rd., Suite 201
By: GERALD V. ANDERSON II        Gahanna, Ohio 43230
Assistant Prosecuting Attorney
Muskingum County, Ohio
27 North Fifth St., P.O. Box 189
Zanesville, Ohio 43702-0189

*Baldwin, J.*

**{¶1}** Defendant-appellant Larry L. McKee appeals his sentence issued by the Muskingum County Court of Common Pleas. Plaintiff-appellee is the State of Ohio.

STATEMENT OF THE FACTS AND CASE

**{¶2}** On September 28, 2016, the Muskingum County Grand Jury indicted appellant on four counts of gross sexual imposition in violation or R.C. 2907.05(A)(4), felonies of the third degree, and one count of compelling prostitution in violation of R. C. 2907.21(A)(3)(a), also a felony of the third degree. At his arraignment on October 5, 2016, appellant entered a plea of not guilty to the charges.

**{¶3}** Thereafter, on November 9, 2016, appellant withdrew his former not guilty plea and entered a plea of guilty to all four of the charges of gross sexual imposition. The charge of compelling prostitution was dismissed upon appellee's motion as memorialized in an Order filed on June 20, 2017. Pursuant to an Entry filed on June 20, 2017, appellant was sentenced to sixty (60) months on each count of gross sexual imposition. The trial court ordered that Counts Two and Three be served concurrently with each other and that Counts One and Four be served concurrently with each other, but consecutive to Counts Two and Three for an aggregate prison sentence of 120 months. Appellant also was classified as a Tier II Sex Offender.

**{¶4}** Appellant now appeals, raising the following assignment of error on appeal:

**{¶5}** I. THE TRIAL COURT RECORD DOES NOT SUPPORT BY CLEAR AND CONVINCING EVIDENCE THE IMPOSITION OF CONSECUTIVE SENTENCES.

I

**{¶6}** Appellant in his sole assignment of error, argues that the record does not support the imposition of consecutive sentences. Appellant does not argue that the trial court failed to make the appropriate findings required by R.C. 2929.14(C). Instead, he argues that consecutive sentences are inappropriate.

### Standard of Appellate Review

**{¶7}** We review felony sentences using the standard of review set forth in R.C. 2953.08. *State v. Marcum,* 146 Ohio St.3d 516, 2016–Ohio–1002, 59 N.E.3d 1231, ¶ 22; *State v. Howell,* 5th Dist. Stark No. 2015CA00004, 2015–Ohio–4049, ¶ 31. R.C. 2953.08(G)(2) provides we may either increase, reduce, modify, or vacate a sentence and remand for resentencing where we clearly and convincingly find that **either** *the record does not support the sentencing court's findings under R.C. 2929.13(B) or (D), 2929.14(B)(2)(e) or (C)(4), or 2929.20(I),* **or** *the sentence is otherwise contrary to law. See, also, State v. Bonnell,* 140 Ohio St.3d 209, 2014–Ohio–3177, 16 N.E.2d 659, ¶ 28.

**{¶8}** Accordingly, pursuant to *Marcum* this Court may vacate or modify a felony sentence on appeal only if it determines by clear and convincing evidence that: (1) the record does not support the trial court's findings under relevant statutes, or (2) the sentence is otherwise contrary to law.

**{¶9}** {¶ 8} Clear and convincing evidence is that evidence "which will provide in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford,* 161 Ohio St. 469, 120 N.E.2d 118(1954), paragraph three of the syllabus. Where the degree of proof required to sustain an issue must be clear and convincing, a reviewing court will examine the record to determine whether the trier of

facts had sufficient evidence before it to satisfy the requisite degree of proof." *Cross,* 161 Ohio St. at 477, 120 N.E.2d 118.

{¶10} When discretionary consecutive sentences are imposed as here, R.C. 2929.14(C)(4) requires the following:

{¶11} (4) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

{¶12} (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

{¶13} (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

{¶14} (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶15} In *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, syllabus, the Supreme Court of Ohio held: "In order to impose consecutive terms of

imprisonment, a trial court is required to make the findings mandated by R.C. 2929.14(C)(4) at the sentencing hearing and incorporate its findings into its sentencing entry, but it has no obligation to state reasons to support its findings."

**{¶16}** Where a trial court properly makes the findings mandated by R.C. 2929.14(C)(4), an appellate court may not reverse the trial court's imposition of consecutive sentences unless it first clearly and convincingly finds that the record does not support the trial court's findings." *State v. Withrow*, 2nd Dist. No. 2015-CA-24, 2016-Ohio-2884, 64 N.E.3d 553, ¶ 38.

**{¶17}** Appellant, in support of his argument, that the record does not support his consecutive sentences, notes that he was 75 years old and in poor health at the time of the offenses. He further notes that he led a law-abiding life for 75 years and showed genuine remorse and fully cooperated with law enforcement, giving a full confession.

**{¶18}** During the sentencing hearing the trial court found that the victim was only eight years old and that there was a serious difference in age between appellant and his victim. Appellant admitted to sexually abusing her for his own gratification and admitted that he realized that he had probably affected her for the rest of her life. At the plea hearing on November 9, 2016, the following was noted on the record by the Assistant Prosecuting Attorney:

**{¶19}** He [appellant] was arrested. He indicated that he was attracted to the victim, that she had stayed all night at his house during the summer, that while she was there he walked around naked in front of her, she touched his penis causing had (sic) to be erect, he touched her vagina under her clothes without making penetration, he touched

her vagina over her clothes, and did admit to loaning money to the victim's mother. All this occurred here in Muskingum County, Ohio.

**{¶20}** THE COURT: How old was the victim?

**{¶21}** MR. EDWARDS: Eight.

**{¶22}** Transcript of plea hearing at 13.

**{¶23}** Here, we find ample evidence on this record to support the trial court's imposition of consecutive sentences.

**{¶24}** Appellant's sentence is not contrary to law, and the trial court properly considered all relevant factors to impose maximum consecutive sentences, and the record supports the trial court's findings.

**{¶25}** Appellant's sole assignment of error is, therefore, overruled.

**{¶26}** Accordingly, the judgment of the Muskingum County Court of Common Pleas is affirmed.

By: Baldwin, J.

John Wise, P.J. and

Hoffman, J. concur.